UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIEGO PUGO,

             Plaintiff,

    -against-

SOHO DESIGN NY LLC, LAZARO
JEWELRY LLC, LAZARO INC., LAZARO
DIAZ, and BRAD LONGENECKER,

             Defendants.

Case No.:

**COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

       Plaintiff Diego Pugo, by and through counsel, alleges upon information and belief, except as to the allegations that pertain to Plaintiff which are alleged upon personal knowledge, as follows:

<b><u>INTRODUCTION</u></b>

       1.    This action arises from the failure of Defendants Soho Design NY LLC ("Soho Design"), Lazaro Jewelry LLC, Lazaro Inc., Lazaro Diaz, and Brad Longenecker (collectively "Defendants") to pay Plaintiff Diego Pugo ("Plaintiff") for all hours worked and for their failure to pay him federally and state mandated overtime at the rate of one and one-half times his regular hourly rate.

       2.    Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, for failure to pay overtime for all hours worked over forty in a workweek. Plaintiff also brings this action to remedy violations of the New York State Labor Law ("NYLL"), including NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 142-2.2.

       3.    Furthermore, Plaintiff brings this action to recover agreed upon commissions that Defendants failed to pay him.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has jurisdiction over Plaintiff's NYLL and commission claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

6.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district in that their principal place of business is located in this district and because Plaintiff labored for Defendants in this judicial district.

## THE PARTIES

7.      Plaintiff Diego Pugo ("Plaintiff") is a resident of Kings County in the State of New York.  Defendants employed Plaintiff from in or about 2002 until November 5, 2019.

8.      At all times relevant to this Complaint, Plaintiff was Defendants' employee within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 651.

9.      Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b).   Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference herein.

10.     At all times relevant to this Complaint, Defendants employed Plaintiff within the meaning of the FLSA and the NYLL.

11.     Defendant Soho Design NY LLC ("Soho Design") is registered in the State of New York as a domestic limited liability company.  At all relevant times Defendant Soho Design's principal place of business was located at 457 Broome Street, New York, NY  10013.

On information and belief, Soho Design has currently relocated to 325 B West Broadway, New York, NY 10013.

12.     Defendant Lazaro Jewelry LLC, ("Lazaro Jewelry") is registered in the State of New York as a domestic limited liability company.  At all relevant times Defendant Lazaro Jewelry's principal place of business was located at 457 Broome Street, New York, NY 10013. On information and belief, Lazaro Jewelry has currently relocated to 325 B West Broadway, New York, NY 10013.

13.     Defendant Lazaro Inc. is incorporated in the State of New York.  At all relevant times Defendant Lazaro Inc.'s principal place of business was located at 457 Broome Street, New York, NY 10013.  On information and belief, Lazaro Jewelry has currently relocated to 325 B West Broadway, New York, NY 10013.

14.     Collectively Soho Design, Lazaro Jewelry, and Lazaro Inc. are referred to as the Corporate Defendants herein.  The Corporate Defendants form a single integrated enterprise that was established to sell jewelry designed by Defendant Lazaro Diaz, along with other items of clothing and accessories.

15.     Defendant Lazaro Diaz ("Diaz") resides in the County of Hudson in the State of New Jersey.  Defendant Diaz is an owner, officer, manager, director and/or managing agent of the Corporate Defendants who participated in the day-to-day operations of the Corporate Defendants and closely supervised Plaintiff.

16.     Defendant Diaz had the power to hire and fire employees of the Corporate Defendants and used that power to hire and fire Plaintiff.  Defendant Diaz also had the power to set the wage rates of employees of the Corporate Defendants and used that power to set the wage rate of Plaintiff.

17.     Defendant Brad Longenecker ("Longenecker") is Defendant Diaz's spouse and resides with Defendant Diaz in the County of Hudson in the State of New Jersey.

18.     Defendant Longenecker is a manager, director, officer, owner and/or managing agent of the Corporate Defendants who participated in the day-to-day operations of the Corporate Defendants and closely supervised Plaintiff.  Defendant Longenecker is in charge of Human Relations at the Corporate Defendants.

19.     At all times relevant hereto, Defendant Longenecker had the power to hire and fire employees of the Corporate Defendants.  Defendant Longenecker participated in firing Plaintiff.  Defendant Longenecker also signed off on Plaintiff's compensation by the Corporate Defendants.

20.     Defendants Longenecker and Diaz are "employers" pursuant to the FLSA, 29 U.S.C. 203(d) and the regulations promulgated thereunder, 29 C.F.R.791.2, as well as under the NYLL, and are jointly and severally liable with the Corporate Defendants.

21.     At all times relevant to this action, the Corporate Defendants were a joint enterprise engaged in or affecting interstate commerce with annual revenues in excess of $500,000.00.

22.     At all times relevant hereto, Defendants regularly employed Plaintiff and other employees to engage in commerce or in the production of goods for commerce, and/or to handle sell, or otherwise work on goods or materials that had been moved in or produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

23.     At all times relevant hereto, each of the Defendants have been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).

## STATEMENT OF FACTS

24.     Defendants operate a New York City based jewelry and clothing company. Defendants create jewelry, which is sold at their store.   Defendants also sell to customers throughout the United States and elsewhere through the internet, and telephone or email/text orders.

25.     At all times relevant hereto, the store operated by the Corporate Defendants was located at 457 Broome Street, New York, NY  10013.  That store has now been relocated to 325 B West Broadway, New York, NY  10013.

26.     At all times relevant hereto, the Corporate Defendants were owned and managed by Defendants Diaz and Longenecker as a single joint enterprise.  The Corporate Defendants all share a location, employees, and the business purpose of creating and selling jewelry, accessories, and clothing.

27.     Defendants employed Plaintiff as a production manager for the creation of jewelry.  At all times relevant hereto, Defendants also employed Plaintiff as a sales associate to sell jewelry, accessories, and clothing.

28.     Plaintiff's job duties included selling merchandise in the store and also taking orders via telephone and text.  Plaintiff also was responsible for buying supplies and facilitating the production of jewelry designed by Defendant Diaz.  In addition, Plaintiff would mop floors, clean the bathroom, and organize the stockroom of the store.

29.     Defendants paid Plaintiff on an hourly basis.   At the time that Defendants terminated Plaintiff's employment, he was being paid $16.00 per hour.

30.     While most of the compensation that Defendants paid Plaintiff was in the form of an hourly wage, they also paid Plaintiff a small sales commission on sales that he originated.

31.     Plaintiff reported to Defendants Diaz and Longenecker.

32.     Defendant Diaz worked in Defendants' store and closely supervised Plaintiff. Defendant Diaz scheduled Plaintiff's hours of work.  Defendant Diaz also directed Plaintiff's work and told Plaintiff what tasks to perform.  At the end of the work day, Defendant Diaz controlled when Plaintiff was allowed to leave the store and go home.

33.     Although Defendant Longenecker did not spend as much time in the store as Defendant Diaz did, he closely monitored the store and Plaintiff's work via the video cameras set up by Defendants to monitor what was going on in Defendants' store.

34.     Plaintiff was told by Defendants that Defendant Longenecker was in charge of the Corporate Defendants' Human Resources department and that Defendant Longenecker would handle any complaints that he had.

35.     Plaintiff was not an exempt employee under the FLSA and the NYLL and, at all times relevant hereto, was entitled to be paid overtime for all hours worked in excess of forty (40) in a workweek.

36.     Throughout his employment by Defendants, Plaintiff regularly worked well over forty (40) hours per workweek without being paid (a) for all hours worked, and (b) overtime at the rate of time and one-half his regular hourly rate for all hours in excess of forty (40) worked in a workweek.

37.     Defendants regularly scheduled Plaintiff to work five (5) days each week—Tuesday through Saturday—from 10:30 am until 7:00 pm.

38.     Defendants subtracted a half hour for lunch and paid Plaintiff for forty hours of work when he worked this schedule.

39.     In addition to his scheduled Tuesday through Saturday hours, Plaintiff often worked approximately three (3) or four (4) hours on Mondays.

40.     Defendants regularly paid Plaintiff in cash for his work on Mondays.  Although these Monday hours were in addition to the forty (40) hours or more that Plaintiff worked Tuesday through Saturday, Defendants only paid Plaintiff at his straight time rate for the hours that he worked on Mondays.

41.     On weekdays, Defendants required Plaintiff to begin work by going to various companies on or near 47th Street in Manhattan, where he bought supplies for the production of jewelry and obtained goods that Defendants sold on consignment.  Plaintiff regularly arrived at 47th Street and began to work around 9:30 or 10:00 am during the week.

42.     To avoid being reprimanded, Plaintiff put a start time of 10:30 am on his timecard, even though he regularly started work as early as 9:30 am.  Defendant Diaz yelled at Plaintiff if he put his true start time on his time card.

43.     Furthermore, Defendant Diaz often told Plaintiff that he does not like paying "overtime," or words to that effect.

44.     Because of the heavy volume of work, Plaintiff was required to work through his lunch.  Plaintiff would grab a bite while he continued to work.

45.     Although Plaintiff did not receive an uninterrupted half hour to eat lunch, Defendants regularly deducted one half hour from his pay each full day that he worked.

46.     Plaintiff also worked later than the scheduled end of his work day.  Plaintiff regularly worked until 8:00 or 8:30 pm.

47.     Defendant Diaz required that Plaintiff stay in the store until Defendant Diaz was ready to leave.  Plaintiff regularly helped customers and organized the stock after his scheduled end time of 7:00 pm.

48.     To avoid being reprimanded by Defendants, Plaintiff regularly worked after his timecard had been clocked out.

49.     Plaintiff also communicated with customers and made sales using his phone when the store was closed and he was off the clock.

50.     Even when he was not in the store, Defendant Longenecker knew that Plaintiff regularly worked after his scheduled shift had ended because he viewed Plaintiff and the other employees on the video monitor.

51.     Defendants had an agreement with Plaintiff that he would be paid a commission of three or five percent (depending on whether the merchandise had been discounted) for sales that he originated.  However, Defendants often violated this agreement and did not pay Plaintiff the commissions that he had earned.

52.     Moreover, Defendants did not include the wages that he received in the form of commissions when calculating Plaintiff's regular hourly rate for purposes of paying Plaintiff overtime.

53.     Defendants failed to keep accurate and sufficient time records for Plaintiff as required by Federal and State laws.

54.     Defendants violated NYLL § 195(4) by failing to establish, maintain, and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions, and net wages for Plaintiff.

55.     Defendants' record keeping and notice violations prevented Plaintiff from knowing his legal rights and from figuring out exactly how many hours, Defendants failed to compensate him for.

56.     Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid (i) for all hours he worked, and (ii) overtime premiums at the rate of time and one-half his regular rate for all hours worked in excess of forty (40) hours in a workweek, and (iii) agreed upon commissions for all sales that he originated.

57.     Upon information and belief, Defendants knew that the nonpayment of the wages and overtime premiums that they owed Plaintiff would economically injure Plaintiff and that the nonpayment violated the FLSA and the NYLL.

58.     Defendants committed the foregoing acts against Plaintiff knowingly, intentionally, and willfully.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime Wages – FLSA)**

59.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

60.     Defendants were required to properly pay Plaintiff overtime wages at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours in a workweek.

61.     Defendants violated the FLSA by developing a standard business practice of failing to pay overtime premiums that they owed to Plaintiff and thereby violating the overtime requirements of the FLSA.

62.     Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff for all hours worked and failing to pay Plaintiff overtime at not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek.  Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and (e) and § 215(a).

63.     As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in amounts to be determined at trial and is entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Failure to Pay Wages and Overtime Wages – NYLL)

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

65.     During his employment with Defendants, Plaintiff was an "employee" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

66.     During Plaintiff's employment with Defendants, Defendants were each an employer within the meaning of N.Y. Lab. Law § 650(6).

67.     Defendants failed to pay Plaintiff wages for all hours worked and overtime wages of not less than one and one-half times his regular hourly rate for each hour worked in excess of forty (40) hours in a workweek in violation of the N.Y. Lab. Law, Article 19, §650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, §142-2.2.

68.     Defendants illegally deducted and failed to pay Plaintiff all his agreed upon wages including all of the wages and commissions that they owed him, in violation of NYLL §§191 and 193.

69.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants all agreed upon wages for all hours worked and overtime wages of not less than one and one-half times his regular hourly rate for each hour worked in excess of forty (40) hours in a workweek, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(N.Y. Lab. Law § 195 - Notice & Wage Statement Violations)**

70.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

71.     Defendants have willfully failed to supply Plaintiff with notice as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, containing his rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

72.     Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if

applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

73.     The wage statements that Defendants issued to Plaintiff failed to include all of the "hours worked" by Plaintiff; they only included the number hours for which Defendants allowed Plaintiff to be paid.

74.     Furthermore, the wage statements that Defendants issued to Plaintiff failed to include the hours for which he was paid in cash.

75.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover statutory penalties from Defendants as provided for by NYLL § 198, as well as reasonable attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
### Breach of Contract

76.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

77.     Defendants made a contract with Plaintiff to pay him commissions for all sales that he originated.

78.     Defendants breached the contract that they had made with Plaintiff when they failed to pay him all commissions as required by their contract with Plaintiff.

79.     Plaintiff was economically injured by Defendants' breach of their contract with him.

80.     Plaintiff is entitled to relief for the breach of this contractual obligation along with interest.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

(a)     An award of damages, according to proof, to Plaintiff for violations of the FLSA, including FLSA punitive damages, to be paid by Defendant;

(b)     An award of damages to Plaintiff for violations of the NYLL wage and hour provisions, including pre and post judgment interest as provided by law;

(c)     Statutory FLSA / NYLL liquidated damages equal to the amount of unpaid wages;

(d)     Statutory penalties for violations of the provisions of N.Y. Lab. Law § 195;

(e)     Damages for breach of Defendants' contract with Plaintiff;

(f)     Costs of action incurred herein, (including expert fees pursuant to the NYLL);

(g)     Attorneys' fees, pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(h)     Pre-Judgment and post-judgment interest, as provided by law; and

(i)     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which he has a right to a jury trial.

Dated: December 24, 2019                    Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq. & Julie Salwen, Esq.
110 State Highway 35, Suite #10
Red Bank, NJ  07701
(718) 799-9111
dharrison@nynjemploymenlaw.com
jsalwen@nynjemploymenlaw.com
*Attorneys for Plaintiff*

13

# EXHIBIT "A"

I am a current or former employee of SOHO DESIGN NY, LLC, and/or related entities/individuals.  I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

_____
Signature

_____
Full Legal Name (print)